[Cite as *Blake v. Blake*, 2026-Ohio-2872.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

KARA BLAKE, ET AL.,

    PLAINTIFFS-APPELLEES,          CASE NO. 17-26-01

  v.

RODNEY BLAKE III,

    DEFENDANT-APPELLEE,          **OPINION AND**
                            **JUDGMENT ENTRY**

  -And-

AMY BLAKE,

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
General Division
Trial Court No. 24CV000067

Judgment Affirmed

Date of Decision:  July 27, 2026

APPEARANCES:

    *James Papakirk* for Appellant

    *Richard W. Schulte* and *Stephen D. Behnke* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Amy Blake, appeals the judgment of the Shelby County Court of Common Pleas dissolving a corporation under R.C. 1701.91, entered by the trial court on December 12, 2025 pursuant to partial summary judgment granted in favor of plaintiff-appellee, Kara Blake. For the reasons set forth below, we affirm.

{¶2} This action originated on March 1, 2024, when Kara Blake ("Kara") and Rex Blake ("Rex") filed a verified complaint against Rodney Blake III ("Rodney"), Amy Blake ("Amy"), and Blakeacres, Inc. ("Blakeacres"). The complaint asserted that Kara, Rex, Rodney, and Amy are siblings and that Blakeacres is an Ohio corporation with its principal place of business in Sidney, Ohio. The complaint further asserted that Kara, Rex, Rodney, and Amy are the shareholders and directors of Blakeacres.

{¶3} As set forth in the complaint, Blakeacres' corporate focus is the ownership and operation of farms in Shelby County, Ohio, and the complaint listed several parcel numbers relating to farms owned by Blakeacres in that county. The complaint asserted that, as part of Blakeacres, there is an operating account in which the corporation is required to deposit all fall harvest proceeds, an installment loan payment, and monthly rental income from which it pays operating expenses, including real estate taxes, insurance, water and sewer charges, and property

management fees, among other things. The complaint further asserted that Blakeacres was solvent and current in its financial obligations.

{¶4} However, the complaint alleged that Kara, Rex, Rodney, and Amy could no longer agree as to how Blakeacres should be owned or operated, that the four of them were deadlocked as directors in the management of corporate affairs, and that the four were unable to break the deadlock due to each of them having equal voting rights as shareholders. The complaint alleged that dysfunction among the four siblings was so prevalent that they could not even agree on a time or place to have an annual meeting. The complaint alleged that, for example, Amy would refuse to accept notice by emails or texts and otherwise declined every date or time suggested for purposes of scheduling a meeting. The complaint alleged that Rodney was similarly evasive. The complaint asserted that, without a meeting, Blakeacres' owners could not lawfully conduct business.

{¶5} The complaint concluded that, due to the ongoing disputes and disagreements between the four siblings, it was not possible or reasonably practicable for Blakeacres to continue to operate and carry on its business activities in conformity with the governing corporate documents, with Kara and Rex positioned on one side of the deadlock and with Rodney and Amy on the other side of the deadlock.

{¶6} On the basis of those allegations, the complaint asserted that Kara and Rex were entitled to have Blakeacres judicially dissolved and liquidated pursuant to

R.C. 1701.91. The complaint therefore requested a judgment dissolving the corporation, ordering an independent accounting of the corporation, and awarding costs, expenses, and attorneys' fees stemming from filing the action.

{¶7} On April 12, 2024, the plaintiffs filed a motion seeking the immediate appointment of a receiver to manage Blakeacres and requesting injunctive relief restraining the defendants from acting on behalf of the corporation.

{¶8} On April 15, 2024, the trial court granted a temporary restraining order against Rodney and Amy, prohibiting them from acting on behalf of the corporation, and ordering them to cease certain conduct relating to allegedly unlawful use of property owned by the corporation. On April 15, 2024, the trial court also filed a judgment entry appointing a receiver over the corporation.

{¶9} On April 17, 2024, Rodney filed an answer to the complaint and, on May 3, 2024, Amy filed her answer to the complaint.

{¶10} Over a year of pretrial proceedings then ensued, during which time the parties engaged in a voluminous and contentious motion practice and discovery process.

{¶11} On June 30, 2025, Kara filed a motion for partial summary judgment pursuant to Civ.R. 56, asserting that summary judgment was appropriate as to Count I of the complaint, in which Kara and Rex sought dissolution of Blakeacres. The motion argued that no genuine issue of material fact existed as to whether the

requisite standards necessary for judicial dissolution of the corporation under R.C. 1701.91 had been met.

{¶12} On July 28, 2025, Amy filed a memorandum in opposition to the motion for partial summary judgment and requested an evidentiary hearing be held on the plaintiffs' complaint seeking judicial dissolution of the corporation.

{¶13} On August 4, 2025, Kara filed a reply to Amy's memorandum in opposition to the motion for partial summary judgment.

{¶14} On December 12, 2025, the trial court filed a judgment entry granting Kara's motion for partial summary judgment. In that decision, the trial court found that no genuine issue of material fact existed as to whether the corporate governance of Blakeacres was deadlocked to such an extent that the four shareholders and directors could not continue in business together. The trial court further found that, based on the entire record, "it is clear that the most basic deadlock of all in the management of corporate affairs, namely whether the corporate entity should continue to exist, has occurred between Plaintiffs and Defendants." (Order Granting Plaintiff's Motion for Partial Summary Judgment, Docket No. 273). Accordingly, the trial court found that a judicial dissolution of Blakeacres was permissible pursuant to R.C. 1701.91, and ordered that the receiver begin efforts to dissolve the corporation, file periodic reports as directed by the court, and file a final report upon completion of the process.

{¶15} On January 12, 2026, Amy filed this appeal, in which she raises one assignment of error.

**Assignment of Error**

**The Trial Court erred in granting Plaintiff-Appellee's Motion for Partial Summary Judgment under Civil Rule 56 without conducting an evidentiary hearing as plainly prescribed by statute R.C. 1701.91.**

{¶16} In the sole assignment of error, Amy argues that the trial court erred when it granted partial summary judgment ordering that the corporation at issue, Blakeacres, Inc., be dissolved. Specifically, Amy asserts that R.C. 1701.91, the statute authorizing judicial dissolution of corporations under certain circumstances set forth therein, requires that a hearing be held before such dissolution may be ordered. In support of her claim, Amy relies on language in R.C. 1701.91 referencing a hearing and, further, argues that Ohio case law dictates that a hearing must be held before judicial dissolution of a corporation may be ordered under that statute. In sum, Amy argues that dissolution of a corporation under R.C. 1701.91 may not be granted pursuant to summary judgment.

{¶17} Civ.R. 56(A) governs summary judgment and provides, in relevant part:

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. * * *

{¶18} Civ.R. 56(C) provides, in relevant part:

> * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶19} "Pursuant to Civ.R. 56(C), summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party." *Tharp v. Whirlpool Corp.*, 2018-Ohio-1344, ¶ 24 (3d Dist.), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶20} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Ineos USA L.L.C. v. Furmanite America, Inc.*, 2014-Ohio-4996, ¶ 18 (3d Dist.), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.* "The

nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; the nonmoving party may not rest on the mere allegations or denials of the pleadings." *Id.*, citing *Dresher* at 293; Civ.R. 56(E).

{¶21} "Material facts" are facts "that might affect the outcome of the suit under the governing law." *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Whether a genuine issue exists is answered by the following inquiry: Does the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.*, citing *Anderson*, 477 U.S. at 251-252.

{¶22} Appellate courts conduct a de novo review of a trial court's decision on a motion for summary judgment. *Hancock Fed. Credit Union v. Coppus*, 2015-Ohio-5312, ¶ 15 (3d Dist.), citing *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.,* 2013-Ohio-4544, ¶ 9.

{¶23} In the instant case, we note as a preliminary matter that Amy does not assign error on appeal with the trial court's determination that no genuine issue of material fact existed as to whether the standards required to permit judicial dissolution of the corporation under R.C. 1701.91 had been met. Rather, Amy argues only that R.C. 1701.91 requires that a hearing be held before dissolution of a corporation may be ordered and that dissolution pursuant to a motion for summary judgment is erroneous.

**{¶24}** As noted above, Amy relies on the language of R.C. 1701.91 and several Ohio cases in asserting that the statute precludes judicial dissolution of a corporation pursuant to summary judgment. Upon review, we find Amy's claim to lack merit.

**{¶25}** The statute at issue, R.C. 1701.91, provides in relevant part:

(A) A corporation may be dissolved judicially and its affairs wound up:

* * *

(4) By an order of the court of common pleas of the county in this state in which the corporation has its principal office, in an action brought by one-half of the directors when there is an even number of directors or by the holders of shares entitling them to exercise at least two-thirds of the voting power, when it is established that the corporation has an even number of directors who are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, or when it is established that the corporation has an uneven number of directors and that the shareholders are deadlocked in voting power and unable to agree upon or vote for the election of directors as successors to directors whose terms normally would expire upon the election of their successors. Under these circumstances, dissolution of the corporation shall not be denied on the ground that the corporation is solvent or on the ground that the business of the corporation has been or could be conducted at a profit.

* * *

(B) A complaint for judicial dissolution shall be verified by any of the complainants and shall set forth facts showing that the case is one of those specified in this section. Unless the complainants set forth in the complaint that they are unable to annex a list of shareholders, a schedule shall be annexed to the complaint setting forth the name of each shareholder, his address if it is known or the fact that it is not

known, the number of shares owned by him, and any balance unpaid on his shares.

(C) Upon the filing of a complaint for judicial dissolution, the court with which it is filed shall have power to issue injunctions, to appoint a receiver with such authority and duties as the court from time to time may direct, to take such other proceedings as may be necessary to protect the property or the rights of the complainants or of the persons interested, and to carry on the business of the corporation *until a full hearing can be had*. Upon or after the filing of a complaint for judicial dissolution, the court, by injunction or order, may stay the prosecution of any proceeding against the corporation or involving any of its property and require the parties to the proceeding to present and prove their claims, demands, rights, interests, or liens, at the time and in the manner required of creditors or others. The court may refer the complaint to a special master commissioner.

(D) *After a hearing* had upon such notice as the court may direct to be given to all parties to the proceeding and to any other parties in interest designated by the court, a final order based either upon the evidence, or upon the report of the special master commissioner if one has been appointed, shall be made dissolving the corporation or dismissing the complaint. An order or judgment for the judicial dissolution of a corporation shall contain a concise statement of the proceedings leading up to the order or judgment; the name of the corporation; the place in this state where its principal office is located; the names and addresses of its directors and officers; the name and address of a statutory agent; and, if desired, such other provisions with respect to the judicial dissolution and winding up as are considered necessary or desirable. A certified copy of such order forthwith shall be filed in the office of the secretary of state, whereupon the corporation shall be dissolved. To the extent consistent with orders entered in such proceeding, the effect of such judicial dissolution shall be the same as in the case of voluntary dissolution, and the provisions of sections 1701.87, 1701.88, 1701.89, and 1701.90 of the Revised Code relating to the required notice a corporation shall give of a dissolution and the authority and duties of directors during the winding up of the affairs of a corporation dissolved voluntarily, with respect to the jurisdiction of courts over the winding up of the affairs of a corporation, and with respect to receivers for winding up the affairs of a corporation shall be applicable to corporations judicially dissolved.

(Emphasis added.)

{¶26} Thus, it is true – as Amy argues – that R.C. 1701.91 makes reference, in two of its subsections, to a hearing being held on actions for judicial dissolution of a corporation brought pursuant to that statute. However, Amy's position on appeal completely disregards the fact that the purpose of summary judgment is "not to try issues of fact, but rather to determine whether triable issues of fact exist." *Smathers v. Glass*, 2022-Ohio-4595, ¶ 3.

{¶27} Civ.R. 56(A), by its very terms, authorizes "[a] party seeking to recover upon a claim" to file for summary judgment pursuant to that rule "as to all or any part of the claim[.]". Civ.R. 56(C) then authorizes summary judgment to "be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶28} Civ.R. 56 does not require that a hearing of any sort be held before summary judgment may be granted pursuant to that rule. We further note that a former version of Civ.R. 56, in which holding a hearing was referenced, was found by the Supreme Court of Ohio to not actually require oral hearings on motions for summary judgment when procedural safeguards regarding adequate notice of the

case being submitted for summary judgment determination were in place. *Hooten v. Safe Auto Ins. Co.*, 2003-Ohio-4829.

{¶29} Additionally, nothing in R.C. 1701.91 prohibits summary judgment from being granted on claims seeking corporate dissolution filed pursuant to that statute. Amy argues on appeal that it well settled under Ohio case law that "Ohio courts must decide the issue of corporate dissolution by means of an evidentiary hearing and *not* through motion practice." (Brief of Defendant-Appellant Amy Blake, p. 6) (Emphasis *sic*). However, none of the cases cited by Amy directly support that assertion, nor does this Court's independent research reveal any other Ohio cases that do so.

{¶30} Accordingly, upon applying the governing law to the claim presented on appeal in this case, we conclude that the trial court did not err in proceeding to rule on the motion for partial summary judgment without first holding a hearing on the issues presented.

{¶31} The assignment of error is overruled.

*Conclusion*

{¶32} Having found no error in the particulars assigned and argued by the appellant, Amy Blake, the December 12, 2025 judgment of the Shelby County Court of Common Pleas is affirmed.

***Judgment affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.   The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

_____
Juergen A. Waldick, Judge


_____
Mark C. Miller, Judge


_____
John R. Willamowski, Judge

DATED:
/jlm